IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 16-cv-01539-PAB
(Criminal Action No. 15-cr-00034-PAB-1)

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. JASON VINCENT BRADLEY,

    Defendant.
_____

# ORDER
_____

Movant, Jason Vincent Bradley, has filed, *pro se*, a "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct a Sentence By a Person in Federal Custody" ("§ 2255 motion") [Docket No. 58] and a motion entitled "Bill of Equity" [Docket No. 76].

The Court construes Mr. Bradley's filings liberally because he is not represented by counsel. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court will not act as his advocate. *See id.* For the reasons discussed below, Mr. Bradley's motions will be denied.

## I. PROCEDURAL HISTORY

On April 30, 2015, Mr. Bradley pled guilty to possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g) (Count 1); possession of a controlled substance with the intent to distribute, in violation of 21 U.S.C. § 841(a)(1) (Counts 2-3); and possession of a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A) (Count 4). Docket No. 1; Docket No. 41; Docket No. 42 at

1-2; Docket No. 57 at 1-2. The presentence report ("PSR") found that Mr. Bradley qualified as a career offender under U.S.S.G. § 4B1.1, which increased his advisory Guidelines range from 77 to 96 months imprisonment to 262 to 327 months imprisonment. *See* Docket No. 53 at 6-7, 18.[1]

On August 28, 2015, the Court adopted the PSR without change, but granted the parties' motions for a variant sentence. Docket No. 56; Docket No. 57 at 8. The Court sentenced Mr. Bradley to a 180-month term of imprisonment (120 months on Counts 1-3, to be served concurrently, and 60 months on Count 4, to be served consecutively). Docket No. 56; Docket No. 57 at 3. Mr. Bradley did not file a direct appeal.

On June 20, 2016, Mr. Bradley moved to vacate his sentence under § 2255 based on the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015). Docket No. 58. The government filed a response to Mr. Bradley's motion on March 22, 2017. Docket No. 75. On May 25, 2018, Mr. Bradley filed a motion entitled "Bill of Equity," wherein he requests various forms of relief related to certain property held in trust. *See* Docket No. 76.

## II. MOTION TO VACATE

In his motion to vacate under § 2255, Mr. Bradley contends that his sentence violates the due process principles announced in *Johnson* because it was enhanced under the residual clause of the United States Sentencing Guidelines, U.S.S.G. § 4B1.2(a)(2). Docket No. 58 at 7. He further argues that he was denied effective

---

[1]Mr. Bradley sentencing range was calculated based on the 2014 Guidelines Manual. *See* Docket No. 53 at 5.

assistance of counsel because his attorney failed to challenge the constitutionality of the Guidelines' residual clause in order to negotiate a more favorable plea agreement and sentence. *Id.*

Mr. Bradley's arguments do not demonstrate that he is entitled to relief under § 2255. In *Beckles v. United States*, 137 S. Ct. 886 (2017), the Supreme Court held that the residual clause, § 4B1.2(a)(2), in the advisory Sentencing Guidelines is not subject to vagueness challenges under the Due Process Clause. *Id.* at 890. Accordingly, Mr. Bradley's classification as a career offender for purposes of sentencing did not violate the due process principles announced in *Johnson*.[2]

Nor did counsel provide ineffective assistance by failing to raise the *Johnson* issue during plea negotiations and sentencing. Even assuming *Beckles* does not automatically foreclose Mr. Bradley's ineffective assistance claim, *see Strickland v. Washington*, 466 U.S. 668, 690 (1984) (stating that "a court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct"), there was no Tenth Circuit case law extending *Johnson* to the Guidelines' residual clause at the time of Mr. Bradley's sentencing.[3] Mr. Bradley cannot show that counsel's

---

[2]The two predicate crimes for Mr. Bradley's career offender enhancement, Colorado robbery and felony menacing, *see* Docket No. 53 at 6, have been held to be "crimes of violence" under § 4B1.2(a). *See United States v. Crump*, 674 F. App'x 802, 803 (10th Cir. 2017) (unpublished) (holding that Colorado robbery constitutes a "crime of violence" under U.S.S.G. § 4B1.2(a)(1)); *United States v. Armijo*, 651 F.3d 1226, 1231-32 (10th Cir. 2011) (holding that Colorado felony menacing categorically qualifies as a crime of violence under § 4B1.2(a)(1)).

[3]The first Tenth Circuit case to apply *Johnson* to the Guidelines' residual clause, *United States v. Goodwin*, 625 F. App'x 840 (10th Cir. 2015) (unpublished), was

3

performance was deficient merely because he failed to anticipate a change in the law. *See Battle v. Workman*, 353 F. App'x 105, 110 (10th Cir. 2009) (unpublished) (holding that "counsel's assistance could not have been ineffective merely because he failed to anticipate a change in the law before it occurred"); *United States v. Harms*, 371 F.3d 1208, 1212 (10th Cir. 2004) ("[C]ounsel's failure to raise or recognize a potential legal argument does not automatically render counsel's performance constitutionally deficient."). The Court will therefore deny Mr. Bradley's motion to vacate his sentence under § 2255.

Under Rule 11(a) of the Section 2255 Rules, a "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Under 28 U.S.C. § 2253(c)(2), the Court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." Such a showing is made only when "a prisoner demonstrates 'that jurists of reason would find it debatable' that a constitutional violation occurred, and that the district court erred in its resolution." *United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). In the present case, the Court concludes that Mr. Bradley has not made a substantial showing of the denial of a constitutional right. Therefore, the Court will deny a certificate of appealability.

### III. BILL OF EQUITY

In his "Bill of Equity," Mr. Bradley requests various forms of relief, including an accounting of certain property held in trust, on the ground that he is a "Private Moorish

---

decided on September 4, 2015, seven days after Mr. Bradley's sentencing.

American and foreign national" asserting "cestuique rights."  Docket No. 76 at 1-2.  The Court finds Mr. Bradley's "Bill of Equity" to be nonsensical and legally frivolous.  *See Mallett v. United States*, 721 F. App'x 836, 836-37 (10th Cir. 2018) (unpublished) (affirming dismissal of § 2241 petition as legally frivolous where the petitioner claimed he was entitled to immediate release from prison because, "as a Moorish American, he had a divine inherent birthright to ex-patriate and re-patriate at any time").  Because it bears no apparent relationship to Mr. Bradley's criminal conviction, the "Bill of Equity" will be denied.

## IV. CONCLUSION

For the foregoing reasons, it is

**ORDERED** that Mr. Bradley's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct a Sentence By a Person in Federal Custody [Docket No. 58] is **DENIED**.  It is further

**ORDERED** that, under 28 U.S.C. § 2253(c)(2) and the Rules Governing Section 2255 Proceedings for the United States District Courts, a certificate of appealability is **DENIED**.  It is further

**ORDERED** that plaintiff's motion entitled "Bill of Equity" [Docket No. 76] is **DENIED**.

DATED May 8, 2019.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
Chief United States District Judge